# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO:  1:18-CR-586 |
| Plaintiff, | : | |
| | : | JUDGE SOLOMON OLIVER JR. |
| -vs- | : | |
| | : | **DEFENDANT ROBERTSON'S** |
| DAMEON L. ROBERTSON, | : | **SENTENCING MEMORANDUM** |
| Defendant. | : | |

Defendant Dameon L. Robertson, through counsel, respectfully submits the instant Sentencing Memorandum to support his request for a sentence that is sufficient but not greater than necessary to achieve the statutory goals of sentencing under to Title 18, United States Code §§ 3553(a) and 3661.

Respectfully submitted,

STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar: 0051928


/s/ Carolyn M. Kucharski
CAROLYN M. KUCHARSKI
Assistant Federal Public Defender
Ohio Bar: 0062119

/s/ CATHERINE ADINARO
Attorney at law
Ohio Bar: 0088731
Office of the Federal Public Defender
1660 West Second Street, Suite 750
Cleveland, Ohio 44113
(216) 522-4856 (o); (216) 522-4321 (f)
Email: carolyn_kucharski@fd.org
Email:  cathi_adinaro@fd.org

**MEMORANDUM**

I. **Introduction**

In October 2018, Dameon Robertson was charged with three counts of possession with the intent to distribute controlled substances, in violation of 21 U.S.C. § 841(b)(1)(C), and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Mr. Robertson subsequently pled guilty to the indictment without a plea agreement. He is now before this Court for sentencing.

II. **Applicable Advisory Guideline Range**

The Presentence Investigation Report ("PSR") calculates Mr. Robertson's guideline range at 130 to 162 months, with a total offense level 27 and a criminal history category VI. (Dkt. 14: PSR, ¶¶ 36, 64, 89). In reaching its recommended range, the probation officer applied a four level enhancement for possession of a firearm in connection with another felony under U.S.S.G. § 2K2.1(b)(6)(B). (Dkt. 14: PSR, ¶ 28). Mr. Robertson objects to the application of this enhancement.

A four level enhancement applies under U.S.S.G. § 2K2.1(b)(6)(B) if the defendant "used or possessed any firearm or ammunition in connection with another felony offense." In applying this enhancement, the Court must review the particular facts of each case to determine whether the government has established a nexus between the firearm and the independent felony. The enhancement does not automatically apply when a firearm and drugs are found together. *See United States v. Taylor*, 648 F.3d 417, 432 (6th Cir. 2011) ("possession of firearms that is merely coincidental to the underlying felony offense is insufficient to support the application of § 2K2.1").

The probation officer relies on Application Note 14 of U.S.S.G. § 2K2.1 to support the application of this enhancement. This note states that "in the case of a drug trafficking offense in

which a firearm is found in close proximity to the drugs" the enhancement applies because "the presence of the firearm has the **potential** of facilitating another felony offense." U.S.S.G. § 2K2.1, Application Note 14(B) (emphasis added). However, this Court may no longer rely on this application note after a recent Sixth Circuit en banc decision which held that the Sentencing Commission exceeds its authority when it uses the application notes to expand the text of the guidelines. *See United States v. Havis*, __ F.3d __, 2019 WL 2376070, *3 (June 6, 2019) (en banc).

In *Havis*, the Sixth Circuit addressed the guidelines definition of a controlled substance offense in U.S.S.G. § 4B1.2(b). The plain text of the guideline definition does not include attempted offenses. "To make attempt crimes a part of § 4B1.2(b), the Commission did not interpret a term in the guidelines itself – no term of § 4B1.2(b) would bear that construction." *Havis*, 2019 WL 2376070, at *2. Instead, the Commission used the application notes to expand the definition to "include the offenses of aiding and abetting, conspiring, and attempting to commit such offenses." U.S.S.G. § 4B1.2, Application Note 1. The Sixth Circuit held that because "application notes are to be '*interpretations of*, not *additions to*, the Guidelines themselves,'" the Sentencing Commission exceeded its authority in expanding the definition of a controlled substance offense by way of Application Note 1. *Id*. at *3 (quoting *United States v. Rollins*, 836 F.3d 737, 742) (emphasis in original).

For the same reason Application Note 1 of § 4B1.2 is invalid so too is Application Note 14(B) of § 2K2.1: the Sentencing Commission exceeded its authority by using Application Note 14(B) to expand U.S.S.G. § 2K2.1(b)(6)(B). The plain text of the guideline requires the government to establish that Mr. Robertson "used or possessed" the firearm in connection with another felony. The application note works not as an interpretation of the text but as an expansion of the text to include "the **potential** of facilitating another felony offense." Because the Sentencing

3

Commission may not use the application notes to expand the text of the guidelines, this Court should give no deference to the commentary and rely only on the text of the guideline. *See Havis*, __ F.3d __, 2019 WL 2376070.

Relying on the plain text of the guideline, there is no support for the sentencing enhancement in this case. The enhancement only applies if the government establishes that Mr. Robertson "used or possessed" a firearm in connection with drug trafficking. Yet there is no evidence Mr. Robertson used or possessed the firearms in connection to the drugs offenses. The evidence only shows that law enforcement found drugs and guns in the home when executing the search warrant. While these facts may have been sufficient to establish the firearm had the "**potential** of facilitating another felony," this no longer supports the sentencing enhancement in light of *Havis*. For the foregoing reasons, the four-level enhancement under U.S.S.G. § 4B1.2(b)(6)(B) does not apply to Mr. Robertson. Without this enhancement, his applicable guideline range is 92 to 115 months, with a total offense level 23 and a Criminal History Category VI.

## III.     A sentence that is sufficient but not greater than necessary.

While the causes of addiction are complex and not completely known, it is well established that the children of addicts face additional struggles in life. *See* Exh. A: Lauren Chval, *Children with addicted parents face difficulties in adulthood, including higher risk of addiction*, Chicago Tribune, April 20, 2018. Dameon Robertson is a perfect example. He was physically and emotionally abused by his step-father as a young child. The abuse was so bad that he ran away from home. He was only 11 years old. At 15 years old, Mr. Robertson went to live with his father who was addicted to crack cocaine. Mr. Robertson's father was in throes of his addiction and spent

little time parenting. Lacking any parental supervision, Mr. Robertson took to the streets and began using illicit drugs himself.

Mr. Robertson began smoking marijuana at 11 years old and sampled cocaine. He started selling drugs to support himself and it quickly became a way of life. Children who have been raised by drug addicts "often don't know anything but their own 'normal.'" (Exh. A). Children of drug addicted parents adapt to their circumstances and often struggle with destructive behavior well into adulthood. "[D]estructive behavior is a common reaction for children of substance abuse," and it is "very common for these children to develop addictions of their own." (Exh. A). Drug treatment programs are important but it is only part of the path to recovery and healing. Children who were raised by an addicted parent must deal with the "emotional baggage." They "must relearn how to cope with difficulty, hopefully by building connections, whether it's to family or work or some sort of spirituality." (Exh. A, Page 4).

Mr. Robertson has had substance abuse treatment but he began using again because of "life stress and the death of his grandmother." (PSR ¶ 82). He has not, however, had any mental health counseling. To be successful, Mr. Robertson needs to address the "emotional baggage" and develop ways to cope with life's stresses. He is open to, and indeed is asking for, this kind of help. (PSR ¶ 80). Mr. Robertson is now 45 years old and is ready to confront his past.

Mr. Robertson fully accepts responsibility for his actions in this case. His acceptance of responsibility statement was inadvertently omitted from his PSR. (PSR ¶ 22). Undersigned counsel attaches his acceptance of responsibility statement. (Exh. B: AOR Statement). Mr. Robertson respectfully requests this Court accept his statement and grant him the reduction contemplated by the PSR in anticipation of his statement accepting responsibility. (PSR ¶¶ 22, 34, 35).

Mr. Robertson does have a support network, including his four children who are his driving force to address his addiction and focus on his mental health. Mr. Robertson's oldest son, Z███, just graduated from High School. Z███ credits his father for pushing him through school and providing valuable guidance during his formative years. Z███ asks that his father's mistakes not "overshadow" the good he has done. "[M]y father is a good man with a kind heart." (Exh. C: Z███ Letter of Support). Mr. Robertson has also been caring for his girlfriend, Tanae, and her children. Tanae is suffering from cervical cancer and diabetes. On days when she is not feeling well, Mr. Robertson gets the kids school and attends school programs. He is like a father figure to her son – teaching him how to play sports and helping him with his homework. Tanae recognizes that Mr. Robertson is struggling to break free from his past. She is confident that with the love and support of the family he will be able to change. (Exh. D: Crook Letter of Support).



Mr. Robertson is making a "conscience effort to break the cycle of being in the system." He is "sincere in his desire to become a positive family oriented role model to his two sons." His sister hopes he will seek support from his family, who will "encourage[ ] positive behavior." (Exh. E: Jones Letter of Support). Mr. Robertson knows he cannot do this alone. He will need the support of friends and family. Mr. Robertson is very fortunate to have the love and support he needs to be successful. (Exh. F: Addtl Letters of Support).

6

**IV. Conclusion**

In fashioning a sentence, the Court is to impose the *lowest* sentence necessary to achieve the four statutory purposes of sentencing: justice, deterrence, incapacitation, and rehabilitation. 18 U.S.C. § 3553(a)(2); *Kimbrough v. United States*, 552 U.S. 85, 101 (2007). A custodial prison sentence longer than the advisory guidelines range does nothing to achieve justice, deterrence or rehabilitation in Mr. Robertson's case. After considering all of the foregoing and the 18 U.S.C. § 3553(a) factors, Mr. Robertson respectfully requests a sentence that is sufficient but not greater than necessary to achieve the goals of sentencing.

Respectfully submitted,

STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar: 0051928

*/s/ Carolyn M. Kucharski*
CAROLYN M. KUCHARSKI
Assistant Federal Public Defender
Ohio Bar: 0062119
*/s/ CATHERINE ADINARO*
Attorney at law
Ohio Bar: 0088731
Office of the Federal Public Defender
1660 West Second Street, Suite 750
Cleveland, Ohio 44113
(216) 522-4856 (o); (216) 522-4321 (f)
Email: carolyn_kucharski@fd.org
Email: cathi_adinaro@fd.org

Counsel for Defendant Dameon Robertson

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 12, 2019, a copy of the foregoing Sentencing Memorandum was filed electronically under seal. The document itself will be served on the Assistant United States Attorney by electronic mail. Mr. Robertson will be served by regular U.S. Mail.

                                        Respectfully submitted,

                                        */s/ Carolyn M. Kucharski*
                                        CAROLYN M. KUCHARSKI
                                        Assistant Federal Public Defender
                                        Ohio Bar: 0062119